# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO. 1:21-cv-718

| | |
|---|---|
| MANOULA, LLC d/b/a CHINA GROVE FAMILY RESTAURANT, <br><br> Plaintiff, <br><br> v. <br><br> OHIO SECURITY INSURANCE COMPANY, <br><br> Defendant. | **NOTICE OF REMOVAL OF ACTION** <br> **PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendant, Ohio Security Insurance Company ("Ohio" or "Defendant"), hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Middle District of North Carolina. A copy of this Notice is being filed with the Clerk of the Superior Court of Rowan County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Defendant states the following:

## PROCEDURAL HISTORY AND CASE BACKGROUND

1.   This civil action regards whether a commercial property insurance policy issued by Ohio to Manoula, LLC d/b/a China Grove Family Restaurant ("Plaintiff") requires Ohio to indemnify Plaintiff for the damages it alleges it incurred.

1

2. On or about June 25, 2021, Plaintiff filed a complaint against Defendant in the Superior Court of Rowan County, North Carolina. The complaint was assigned case no. 21 CVS 1299 (the "State Court Action"). Plaintiff served the complaint upon the North Carolina Commissioner of Insurance on August 17, 2021. *See Exhibit 1, copy of Plaintiff's Complaint; see also Exhibit 2, a copy of the Policy.*

3. According to the Complaint, Ohio issued a Commercial Lines insurance policy bearing the number BKS (18) 57 60 62 92 for the Plaintiff's property at 216 S. Main Street, China Grove, North Carolina 28023-2450 (the "Property"), with effective dates of coverage from January 1, 2017 to January 1, 2018. *See Complaint, ¶¶3-4.*

4. On August 24, 2017, Plaintiff allegedly sustained damage as a result of water intrusion into its restaurant facility. *Id., at ¶5.*

5. The Complaint alleges on August 24, 2017, Plaintiff sustained damage as a result of water intrusion into its restaurant facility, which caused interruption and damage to its business operations and premises. Plaintiff also alleges its losses to be covered by the aforementioned Policy. *Id., at ¶6*

6. In its Complaint, Plaintiff alleges two causes of action against Defendant. The First Cause of Action is for Breach of Contract. It seeks damages "which exceed the sum of Twenty-Five Thousand Dollars ($25,000)". *Id., at ¶12.* Plaintiff's Second Cause of Action is for Unfair Trade Practices. It seeks

damages "for the aforesaid treble damages, which exceed the amount of Twenty-Five Thousand Dollars ($25,000)." *Id., at ¶24.* Finally, the Complaint seeks an unidentified amount of pre-judgment interest and costs. *Id., at p. 5.*

7. In accordance with the foregoing, including 28 U.S.C. §§ 1332(a)(1), 1446 (b)(3), and 1446 (c)(1), Defendant now removes this matter to this Court based upon diversity jurisdiction.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

8. Under U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …." *Id.* Here, both criteria are met.

**A.     Complete Diversity of Citizenship Exists.**

9. According to the Complaint, Plaintiff is a North Carolina corporation with its principal place of business in China Grove, Rowan County, North Carolina. *See Ex. 1, Compl. ¶1.*

10. As Plaintiff is an LLC, its citizenship is determined by the citizenship of all its members. *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).* Plaintiff's sole member is John Kazakos. According to Manoula, LLC's 2020 Annual Report, Mr. Kazokas lives at 921 Limberlost Lane, Lewisville, NC 27023 and, therefore, Plaintiff is a citizen of the State of North Carolina.

11. Defendant is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

12. Given that Plaintiff and Defendant are the only Parties to this Action and are citizens of different states, complete diversity between the Parties exists.

**B. The Amount in Controversy Exceeds $75,000.00.**

13. As indicated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. Plaintiff's First and Second Causes of Action, <u>each</u> seek in excess $25,000.00 in damages. *See supra.*

15. In addition, Plaintiff's Second Cause of Action seeks damages exceeding $25,000.00. Plaintiff seeks these damages in connection with Defendant's alleged violation of the North Carolina Unfair Trade Practices Act, which provides treble damages automatically when a violation is established. *N.C. Gen. Stat. § 75-16.* For purposes of the amount in controversy calculation, Plaintiff's Second Cause of Action seeks damages exceeding $75,000.00.

16. Finally, Plaintiff's prayer for relief requests pre-judgment interest and costs. *See supra.*

17. Upon aggregating these amounts, the amount in controversy in this Action exceeds the jurisdictional threshold of $75,000.00. *See generally Pl's. Compl.; see also Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995)*

(permitting the aggregation of multiple claims by a single plaintiff against a single defendant to meet the amount in controversy requirement); *Bell v. Preferred Life Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943) (holding that punitive as well as compensatory damages are to be considered in determination of whether requisite jurisdictional amount is actually in controversy); *Francis v. Allstate Ins. Co.*, 709 F.3d 362 (4th Cir. 2013) (holding that when the applicable state's law permits the recovery of attorney's fees, such fees may be included when determining whether the matter satisfies the jurisdiction threshold); *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) (holding same); *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272 (6th Cir. 1973) (holding same).

18. In addition, under North Carolina law, treble damages are awarded automatically when a violation of the North Carolina Unfair and Deceptive Trade Practices Act is established. *N.C. Gen. Stat. § 75-16.* Numerous courts have held that treble damages may be used to meet the amount in controversy threshold to support federal court diversity jurisdiction. *See, e.g., Gordon v. Nat'l Bus. Consultants, Inc.*, No. 87-2676, 1988 WL 86618, at *1 (4th Cir. Aug. 19, 1988) (unpublished table decision); *Lunsford v. Cemex, Inc.*, 733 F.Supp.2d 652, 657-658 (M.D.N.C. 2010); *AM-Rail Constr., Inc. v. A&K R.R. Materials, Inc.*, No. 1:16CV520, 2017 WL 414382 at *3 (M.D.N.C. Jan. 31, 2017) (unpublished).

5

Case 1:21-cv-00718-TDS-LPA   Document 1   Filed 09/16/21   Page 5 of 8

19. Accordingly, the requirements of 28 U.S.C. §1332 are satisfied, as the amount in controversy exceeds $75,000.00.

## **LEGAL ARGUMENT**

20. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

21. Pursuant to 28 U.S.C. §1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Defendant, though, does not waive its right to contest venue, including pursuant to 28 U.S.C. §1404.

22. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and shall be contemporaneously filed with the Clerk's Office for the Superior Court of Rowan County, North Carolina.

23. A copy of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in the State Court action, is attached hereto as Exhibits 3 and 4, respectively.

24. This Notice of Removal is not a waiver of Defendant's defenses, including but not limited to the right to contest venue, nor should it be understood or construed as a waiver of any defense Defendant may have against any of the allegations in the Complaint, or as a general appearance or waiver of any

defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, Ohio Security Insurance Company, requests that the above-captioned action be removed from the Superior Court, Rowan County, North Carolina, to the United States District Court for the Middle District of North Carolina.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ L. Andrew Watson_____
L. Andrew Watson
NC Bar No.: 41812
Ryan P. Duffy
NC Bar No.: 55904
11605 N. Community House Road, Suite 150
Charlotte, NC 28277
PH: (704) 543-2321
FX: (704) 543-2324
E: awatson@butler.legal
E: rduffy@butler.legal
*Attorneys for Ohio Security Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of September, 2021, I served a true and correct copy of the above by placing the same, postage prepaid, in the United States Mail and via email addressed to the following persons, as well as filing the same with the above-captioned court via ECF Pacer:

>Michael Doran
>Doran Law Offices
>P.O. Box 1006
>Salisbury, NC 28145-1006
>mdoran@doranlaw-pc.com
>*Counsel for Plaintiff*
>
>_/s/ L. Andrew Watson_____
>      L. Andrew Watson