NORTH CAROLINA          FILED     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
ROWAN COUNTY        2021 JUN 25 P 12: 22     21 CvS 1299

MANOULA, LLC, d/b/a China Grove )
Family Restaurant, )
            Plaintiff, )
v.                              )         COMPLAINT
)
OHIO SECURITY INSURANCE )
COMPANY, )
            Defendant. )

NOW COMES the Plaintiff, who for its cause of action, alleges and says as follows:

1. That the Plaintiff is a limited liability company organized and existing under the laws of the State of North Carolina with its principal office and place of business located in China Grove, Rowan County, North Carolina.

2. That, upon information and belief, the Defendant is an insurance company duly authorized and licensed to transact insurance business in the State of North Carolina and said Defendant transacts insurance business in Rowan County, North Carolina.

3. That, at all times relevant herein, Plaintiff operated a business known as the China Grove Family Restaurant, located on Main Street in China Grove, Rowan County, NC; Plaintiff's business involved dine-in and carry out food services for retail customers.

4. That Plaintiff purchased a Commercial Lines Policy of insurance from Defendant, policy number BKS (18) 57 60 62 92 for the policy period of January 1, 2017 to January 1, 2018.

5. That, on August 24, 2017, Plaintiff sustained a loss as a result of water intrusion into its restaurant facility causing interruption of and damage to its business operations and premises, a loss covered by the aforesaid commercial lines insurance policy.

6. That, upon discovering the intrusion of water into Plaintiff's restaurant facility, Plaintiff gave notice to Defendant of the occurrence and Plaintiff immediately undertook steps to determine the source of the water intrusion, to stop further water intrusion, and to remediate the effects of the water intrusion, which included the need to hire third-party contractors to excavate portions of Plaintiff's parking lot and interior portions of the restaurant where the water had entered, as well as reconstructing the areas affected by the water intrusion and taking remedial action to prevent further damage.

7. That the damage sustained by Plaintiff as a result of the intrusion of water into its restaurant facility included losses as follows:

    a)     Business interruption stemming from the inability to operate its food service

**EXHIBIT 1**

business until the water contamination was rectified;

b) Payroll expenses incurred to retain staff during the business shut down so as to mitigate the cost of reopening, payroll expenses for the costs of clean-up upon discovery of the water intrusion, and later payroll expenses to effectuate a reopening of the restaurant;

c) Loss of stock – the contaminated or spoiled perishable food products that could not be sold to consumers.

d) The cost of third-party contractors to undertake demolition and then re-construction of fixtures, flooring, signage, and parking lot facilities to detect/correct the source of water intrusion and then to restore the premises to a fit and proper condition to permit resumption of the business operation.

e) Incidental expenses incurred for debris removal, cleaning, remediation, and other activities reasonably necessary to resume operation of the business enterprise.

That the aforesaid loss resulting from said water intrusion exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

8. That Plaintiff submitted timely proof of loss to the Defendant for payment to Plaintiff under the aforesaid Commercial Lines Policy, but Defendant only made partial payments to Plaintiff under the policy.

9. That Defendant has failed, refused, and neglected to pay the balance of Plaintiff's claim upon demand after Defendant's liability to Plaintiff for said additional payments had become reasonably clear.

## COUNT I (Breach of Contract)

10. That the allegations of paragraphs 1 through 9 alleged above are realleged herein and incorporated by reference.

11. That Defendant's liability to Plaintiff for the balance of the claim under the aforesaid insurance policy became reasonably clear on or about June 26, 2018 when Plaintiff's representative sent a letter to Defendant detailing the additional sums payable under the aforesaid policy such that Defendant was in breach of its contractual obligations to Plaintiff on and/or within a reasonable time after that date.

12. That, as a direct, foreseeable, and proximate cause of Defendant's breach of contract, Plaintiff has sustained damages for the aforesaid losses occasioned by the water intrusion, which damages exceed the sum of Twenty-Five Thousand Dollars ($25,000); said damages were within the contemplation of the parties at the time the aforesaid policy was issued.

13. That Defendant is liable to Plaintiff for the aforesaid damages, plus interest thereon from and after the date of breach until paid or until entry of judgment herein.

## COUNT II (Unfair Trade Practices)

14. That the allegations of paragraphs 1 through 9 alleged above are realleged herein and incorporated by reference.

15. That the Plaintiff is a first-party insured under the aforesaid insurance contract to whom the Defendant owed a duty of good faith with regard to the investigation and payment of Plaintiff's claim.

16. That, when Plaintiff first reported the claim to Defendant, Defendant's representative advised Plaintiff the claim was "fully" covered, and the insurer issued an advance partial payment to Plaintiff for expenses to be incurred for demolition of portions of Plaintiff's parking lot and plumbing system to correct the circumstances resulting in the water intrusion.

17. That weeks following the notice of claim submitted to Defendant, and after Plaintiff had incurred substantial expenses for remedial actions the insurer said would be "covered" under the policy, Defendant reversed course and took a position that only a portion of Plaintiff's claim was "covered" under the policy and Defendant denied responsibility for reimbursement of expenses Plaintiff had already incurred to begin the process of remediation.

18. That weeks following Defendant's advance of a partial claims payment to Plaintiff, Defendant sought to re-classify the advance loss payment to Plaintiff so as to further reduce or offset the additional amounts payable under the aforesaid policy based upon Defendant's incorrect, but more restrictive position regarding the extent of the loss covered by the policy.

19. That, when investigating the loss and assessing the available coverage, Defendant's representative misrepresented the scope of the applicable coverages and improperly applied a loss limitation of $25,000 broadly to multiple aspects of Plaintiff's claim that had separate coverages and coverage limits under the policy that were not subject to the $25,000 loss limitation applied; compounding the misrepresentation, and in an effort to further mislead Plaintiff, Defendant classified a portion of the loss as a second loss incident, but still applied the restrictive policy loss limitation of $25,000.

20. That, when assessing the cause of the loss, Defendant conducted an improper and inadequate investigation, and ignored the investigative findings of third parties regarding the true cause of the loss, for the improper purpose of applying the restrictive and narrow $25,000 policy limitation that did not reflect the true cause of the loss within the coverage under the policy; specifically, Defendant contended that the water intrusion resulted from a back-up of sewers or drains when in fact the water intrusion occurred from a broken water line, with the infiltration of water into the building through the ground and other means only incidentally involved sewer lines and drains, but not amounting to a back-up of those utility lines.

21. That the Defendant's handling of Plaintiff's claim, as heretofore alleged, is subject to the provisions of GS 58-63-15(11) and Defendant violated said statute in numerous ways, including but not limited to the following:

(a) Misrepresenting pertinent facts and insurance policy provisions relating to coverages under the policy for water intrusion caused by a broken water line, GS 58-63-15(11)a.

(b) Refusing to pay Plaintiff's claim without conducting a reasonable investigation of the cause of the water intrusion based upon all available information, GS 58-63-15(11)d.

(c) Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim after liability had become reasonably clear, GS 58-63-15(11)f. AND

(d) Attempting to settle Plaintiff's claim for less than the amount to which a reasonable man would have believed he was entitled, GS 58-63-15(11)h.

22. That the aforesaid acts and conduct of Defendant, including the violation of GS 58-63-15(11) as heretofore alleged, amount to unfair and deceptive acts or practices in or affecting commerce in violation of GS 75-1.1.

23. That Plaintiff and its business have been injured as a result of Defendant's violation of GS 75-1.1 and Plaintiff is entitled to recover treble damages for such injury, including but not limited to the following:

a) Business interruption stemming from the inability to operate its food service business until the water contamination was rectified;

b) Payroll expenses incurred to retain staff during the business shut down so as to mitigate the cost of reopening, payroll expenses for the costs of clean-up upon discovery of the water intrusion, and later payroll expenses to effectuate a reopening of the restaurant;

c) Loss of stock – the contaminated or spoiled perishable food products that could not be sold to consumers.

d) The cost of third-party contractors to undertake demolition and then reconstruction of fixtures, flooring, signage, and parking lot facilities to detect/correct the source of water intrusion and then to restore the premises to a fit and proper condition to permit resumption of the business operation.

e) Incidental expenses incurred for debris removal, cleaning, remediation, and other activities reasonably necessary to resume operation of the business enterprise.

That the aforesaid loss resulting from said water intrusion exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

24. That the Defendant is liable to Plaintiff for the aforesaid treble damages, which exceed the amount of Twenty-Five Thousand Dollars ($25,000).

WHEREFORE, Plaintiff prays the Court for the following relief:

1. That the Plaintiff have and recover judgment against Defendant for compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000), plus interest thereon at the legal rate from and after the date of breach of contract until paid.

2. That the acts and practices as found by the trier of fact be declared by the Court to be in violation of GS 75-1.1 and that judgment be entered against Defendant for treble the amount fixed by the verdict.

3. That the costs of this action be taxed against the Defendant, including an award of attorney's fees pursuant to GS 75-16.1.

4. For such other and further relief as the Court deems just and proper.

This the 25th day of June, 2021.

DORAN LAW OFFICES
Attorney for Plaintiff

By: /s/ Michael Doran

MICHAEL DORAN
Nc State Bar No.: 10855
Post Office Box 1006
Salisbury, NC 28145-1006
T: (704) 216-1544
F: (704) 254-6415
mdoran@doranlaw-nc.com